<hr>

(31 Misc. Rep. 581.)

In re THORP'S ESTATE.

(Surrogate's Court, Otsego County. May, 1900.)

1. EXECUTORS AND ADMINISTRATORS—INTEREST ON DEPOSITS—LIABILITY.

Where an administrator deposited money of the estate in his private bank to the credit of the estate, he is liable for the legal rate of interest on such deposits.

2. SAME—BANK STOCK—SALE—DELAY.

Where an administrator could not settle the estate until another estate in which the heirs were interested was settled, and on that account deferred the sale of bank stock of the estate until it had greatly decreased in value, he was not liable for the decrease in the stock.

Judicial proceedings in the final accounting of Edward C. Brewer, administrator of Henry Thorp, deceased, to determine certain liabilities of the administrator.

William Thorp (James H. Keyes, of counsel), for Mary H. Thorp, administratrix, Augusta Childs, and others.

A. R. Gibbs, for E. C. Brewer, administrator.

ARNOLD, S. Henry Thorp died January 18, 1891. Letters of administration upon his estate were issued to Mary H. Thorp and Edward C. Brewer on October 26, 1891. The present proceedings are taken by the administrators for the final judicial settlement of their accounts. Mr. Brewer has practically had absolute control of the administration of the estate. The contestants ask to have him charged personally—First, with interest on all moneys received by him; second, with the amount of decrease in certain bank stock held by the estate; third, with the amount of taxes alleged to have been erroneously paid by him.

It appears from the evidence that this administrator is a private banker at Gilbertsville, N. Y. He receives money on deposit and discounts notes. Moneys belonging to the estate, received by him, were deposited in his private bank to the credit of the estate, so that to all intents and purposes he stands in exactly the same posi-

tion as any private individual who had received the moneys of an estate and mingled them with his own. In this class of cases the rule is well settled that the representative will be charged with interest at the legal rate, and I must hold and direct in this case that the administrator E. C. Brewer be charged with interest upon all moneys received by him from the time of such receipt.

Under the second objection it is maintained that the bank stock, which formed part of the assets of this estate, should have been sold long before it was sold; that owing to the delay in selling this estate has suffered a loss. It appears from the testimony that the market value of this bank stock was considerably less at the time of its sale than the market value three or four years before. It appears from the testimony that at the time the stock came into the hands of the administrator it was paying dividends at the rate of 6 per cent.; that afterwards the dividends were reduced to 4 per cent., and afterwards were passed. The position of the administrator is that this was stock of an old and established bank; that the stock was considered generally by the public as offering a good investment; that the estate of which he was administrator could not be settled until another estate, in which the contestants were jointly interested, had been judicially settled; that, believing the stock of the bank to be a good investment, he held it for the best interests of the estate. It is a general rule that it is the duty of executors and administrators to proceed with diligence to convert the assets of an estate into money to pay the debts and settle the trust. An executor or administrator should, within a reasonable time, dispose of the securities forming the assets of an estate, unless very good reasons exist for a contrary procedure. But the facts and circumstances in each case must control the action of the court. From the testimony in this case, I have no doubt that Mr. Brewer considered that he was acting for the best interests of the estate in holding this bank stock, which was paying 6 per cent. dividends, until the time came when he could have a final settlement of his accounts. He held some trust scrip of the same bank. He realized an increase on this scrip by holding it. I have considered the evidence carefully, and I decline to charge him with decrease upon the value of the bank stock.

The third objection is overruled. The accounts of the administrators are allowed and passed as stated, except that interest is charged against Mr. Brewer for all moneys received by him from the time of the receipt up to the time that a decree is signed. Findings may be prepared and submitted in accordance with the foregoing views, and a decree entered accordingly.

Decreed accordingly.